UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

DERICK RICHARDSON,   Case No.:  6:21-bk-05038-LVV
                    Chapter:  7
  Debtor.
_____/

**U.S. BANK TRUST NATIONAL ASSOCIATION'S
MOTION FOR RELIEF FROM AUTOMATIC STAY
<u>SEEKING TWO YEAR BAR PURSUANT TO § 362(4)(d)</u>
(786 Crystal Bay Lane, Orlando, Florida 32828)**

<u>**NOTICE OF OPPORTUNITY
TO OBJECT AND REQUEST FOR HEARING**</u>

**If you object to the relief requested in this paper, you must file a response with the Clerk of Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.**

**If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.**

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust by Fay Servicing, LLC, the servicing agent, its successors and/or assigns, (the "**Movant**") seeks relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(4)(B) based on the transfer of interest in the real property without consent of the Movant and multiple bankruptcy filings affecting the Property with a request for a two year bar against the automatic stay being imposed on the Property by any bankruptcy filed by the Debtor

or any individual or entity, and in support states:

1. Jurisdiction of this matter is properly before this Court pursuant to 28 U.S.C. § 1334 and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure.

2. On November 03, 2021, Derick Richardson ("**Debtor**") filed the above-captioned Chapter 7 bankruptcy case.

3. On August 19, 2005, the Debtor executed and delivered a note (the "**Note**") in the principal amount of $267,000.00, which is secured by a mortgage (the "**Mortgage**"). The Mortgage was executed by the Debtor and Avis Richardson ("**Co-Defendant**"). The Mortgage is recorded in Official Records Book 08184 at Page 1846 with an Instrument Number 20050614928, of the Public Records of Orange County, Florida. A copy of the Mortgage, together with the Note, and any applicable Assignments, are attached hereto as **Exhibit A**.

4. Movant is entitled to enforce the Note and Mortgage, which are secured by the real property (the "**Property**") located at 786 Crystal Bay Lane, Orlando, Florida 32828 and further described as follows

> **LOT 15, WATERFORD CHASE EAST PHASE 2, VILLAGE E, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 55, PAGE 6 OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA.**

5. On or about November 13, 2009, the first foreclosure action against the Debtor and Co-Defendant was commenced with respect to the Property at Case No. 2009-CA-035891-O (the "**Previous Foreclosure Action**"). on or about April 1, 2013, the Previous Foreclosure Action was dismissed *sua sponte* for lack of prosecution as no activity occurred in the case for ten (10) months due in part to the Debtor filing five (5) bankruptcy cases between 2011 through 2013 as further detailed below. A copy of the Previous Foreclosure Action docket is attached as **Exhibit B**.

6. On or about September 28, 2010, the Debtor transferred his interest in the Property to Robert King as Trustee via a Quit Claim Deed ("**Quit Claim Deed**"). A copy of the Quit Claim Deed is attached as **Exhibit C**. This transfer was completed without the consent of Movant and after the Previous Foreclosure Action was commenced evidencing bad faith and a basis for relief pursuant to Bankruptcy Code § 362(d)(4)(A).

7. On or about September 19, 2016, the Movant commenced the second foreclosure action against the Debtor and Co-Defendant with respect to the Property at Case No. 2016-CA-008390-O (the "**Current Foreclosure Action**"). A copy of the Current Foreclosure Action docket is attached as **Exhibit B**.

8. Debtor and Co-Defendant have at total of filed nine (9) bankruptcies affecting the Property as follows:

| **Debtor** | **Court** | **Bkrptcy Case #** | **Date Filed** | **Date Dismissed** | **Reason** |
|---|---|---|---|---|---|
| Debtor | FLMBKE | 6:11-bk-11461 | 07/29/2011 | 08/25/2011 | Failure to file Information |
| Debtor | FLMBKE | 6:12-bk-00122 | 01/05/2012 | 06/07/2012 | With a 2 Year Bar |
| Debtor | FLMBKE | 6:12-bk-11028 | 08/14/2012 | 08/14/2012 | Nunc Pro Tunc and Extending Injunction |
| Debtor | FLMBKE | 6:12-bk-16267 | 12/03/2012 | 12/03/2012 | Nunc Pro Tunc and Extending Injunction |
| Debtor | FLMBKE | 6:13-bk-03642 | 03/27/2013 | 07/11/2013 | Failure to file Information |
| Debtor | FLMBKE | 6:14-bk-08270 | 07/21/2014 | 11/07/2014 | For ABUSE |
| Co-Defendant | GAMBKE | 1:19-bk-11378 | 12/05/2019 | 12/30/2019 | Failure to file Information |
| Debtor | FLMBKE | 6:20-bk-03803 | 07/02/2020 | 08/12/2020 | Failure to file Information |
| Debtor | FLMBKE | 6:21-bk-05038 | 11/03/2021 | | This instant case pending |

9.      All of the previous bankruptcy cases lasted for a short time which evidences that the Debtor and Co-Defendant did not file the bankruptcies in good faith with the intention of reorganizing their debt or obtaining a fresh start.  A copy of the dismissal orders entered in each case is attached as **Exhibit D**.

10.     It is noteworthy that on December 12, 2012, Judge Briskman entered a Dismissal Order in Bankruptcy case no. 6:12-bk-16267, which specially enjoined the Debtor from filing bankruptcy until June 7, 2016, and yet the Debtor proceeded to file bankruptcy two more times as detailed above during the injunction period.

11.     The Movant contends that the Debtor and Co-Defendant have utilized the Bankruptcy Court system in a concerted effort to delay and hinder Movant's ability to conclude the foreclosure process.

12.     Movant seeks relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(4)(A) as the Debtor transferred his interest in the Property via the Quit Claim Deed without the consent of Movant.

13.     Movant seeks relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(4)(B) based on bad faith as evidenced by multiple bankruptcy filings affecting the Property, and requests a two year bar against the automatic stay being imposed on the Property by any bankruptcy filed by any individual or entity.

14.     As of December 16, 2021, the Debtor owes Movant an outstanding principal balance of $243,158.68, plus applicable interest, penalties, fees and costs with a total estimated payoff amount of $502,756.10. Additionally, Debtor has defaulted by failing to make the payment due on February 1, 2012, and all subsequent payments due thereafter with a total estimated arrearage of $357,083.14.

15. According to Debtor's Schedule C, the Property is claimed as exempt. On December 11, 2021, the Chapter 7 Trustee field a Report of No Distribution.

16. Movant requests it be permitted to contact the Debtor regarding potential loss mitigation options pursuant to applicable non-bankruptcy law, including loan modifications, deeds in lieu of foreclosure, short sales and/or any other potential loan workouts or loss mitigation agreements.

17. Movant requests attorney's fees in the amount of $2,750.00 and costs of $188.00, as a result of filing the instant motion.

18. Movant requests that the 14 day stay, pursuant to Fed. R. Bankr. P. 4001(a)(3), be waived.

Wherefore, Movant requests the entry of an order modifying the automatic stay pursuant to Bankruptcy Code § 362(d)(4)(B) including a two year bar against the automatic stay being imposed on the Property by any bankruptcy filed by the Debtor or any individual or entity, and for such other and further relief as the Court deems just and proper.

McCalla Raymer Leibert Pierce, LLC

By: */s/Reka Beane*
Reka Beane
Florida Bar No. 52919
Attorney for Creditor
110 S.E. 6th Street, Suite 2400
Ft. Lauderdale, Florida 33301
Phone: 407-674-1639
Fax: 407-674-1639
Email: Reka.Beane@mccalla.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 17, 2021, a true and correct copy of the foregoing was served by U.S. Mail, First Class to Derick Richardson, 2265 W Pine Street, Orlando, FL 32805; and those parties receiving CM/ECF service

- Gene T Chambers    gtchambers@cfl.rr.com, gtc@trustesolutions.com;gtc@trustesolutions.net
- United States Trustee - ORL7/13    USTP.Region21.OR.ECF@usdoj.gov

By:    /s/Reka Beane
       Reka Beane