ORDERED.

Dated: February 02, 2022

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

DERICK RICHARDSON,          Case No.: 6:21-bk-05038-LVV
                            Chapter: 13
    Debtor.
_____/

**ORDER GRANTING
U.S. BANK TRUST NATIONAL ASSOCIATION'S
MOTION FOR RELIEF FROM AUTOMATIC STAY
SEEKING TWO YEAR BAR PURSUANT TO § 362(4)(d)**
**(786 Crystal Bay Lane, Orlando, Florida 32828)**

THIS CASE came before the Court on January 25, 2022, upon the Motion for Relief from Automatic Stay Seeking Two Year Bar Pursuant to § 362(4)(d) [Doc. No. 31] ("Motion for Relief") filed by U.S. Bank Trust National Association, not in its individual capacity, but solely as Trustee of LSF9 Master Participation Trust by Fay Servicing, LLC, the servicing agent, its successors and/or assigns, (the "Movant"). For the reasons stated on the record, it is

    **ORDERED:**

    1.    The Motion for Relief is granted.

2. The automatic stay arising by reason of 11 U.S.C. § 362 is terminated as to Movant's interest in the real property located at 786 Crystal Bay Lane, Alafaya, Florida 32828 (the "Property"), legally described as:

**LOT 15, WATERFORD CHASE EAST PHASE 2, VILLAGE E, ACCORDING TO THE PLAT THEREOF RECORDED IN PLAT BOOK 55, PAGE 6 OF THE PUBLIC RECORDS OF ORANGE COUNTY, FLORIDA**

3. The Order Granting Relief from Stay is entered for the sole purpose of allowing Secure Creditor, its successors and/or assigns, to complete *in rem* relief to take any and all steps necessary to exercise any rights it may have in the Property and to gain possession of said Property.

4. The relief granted here permits Movant, its successors and/or assigns, to commence and/or continue through judgment, sale, certificate of title and possession, a foreclosure against the Property described above.

5. The two-year prospective relief requested pursuant to 11 USC § 362(d)(4) is granted.

6. Pursuant to § 362(d)(4), <u>no bankruptcy filing by any entity or individual shall impose the automatic stay as to the Property for a period of two years from the date of the entry of this Order</u>. This Order shall be binding in any other bankruptcy case affecting the Property for two years from the date of entry of this Order.

7. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

8. Movant's request for attorney's fees and costs is allowed in the amount of $450.00 and costs of $188.00.

9. Movant's request to waive the 14-day stay period pursuant to Bankruptcy Rule

4001(a)(3) is granted.

10. This Order and the relief granted hereto shall survive conversion of this case to a case under any other chapter of the Bankruptcy Code.

###

Attorney Reka Beane is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to fie a proof of service within three days of entry of this Order.